

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 10 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

DMITRIY SHOKLER,

Defendant.

12-CR-415

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

Dmitriy Shokler pled guilty to all Counts of a six-count indictment. It charged him with aiding and abetting false tax filings. *See* 26 U.S.C. § 7206(2), and 18 U.S.C. §§ 2 and 3551.

During the tax year of 2009 and part of 2010, while operating a health care billing company, Denium Group, Inc., defendant aided in the filing of false corporate tax returns. He materially underreported the gross receipts for six health clinics. Defendant cashed health insurance checks payable to the clinics. He did not report the cashed checks as income to the accountant who prepared returns for the clinics. The accountant then underreported total gross receipts. A tax loss to the United States was $592,704.05.

Shokler was sentenced on August 29, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is seventeen and defendant's criminal history is category I. The Guidelines range of imprisonment is between twenty-four and thirty months. A three-point adjustment for defendant's acceptance of responsibility was granted. Each count carried a maximum term of imprisonment of three years, and a maximum fine of $250,000. *See* 26 U.S.C. § 7206 and 18 U.S.C. § 3571(b)(3).

Supervised release of not more than one year may be imposed on each count. *See* 18 U.S.C. § 3583(b)(3). Defendant was eligible for probation for a term of not less than one year or greater than five years. 18 U.S.C. § 3561(a), (c)(1). The Guidelines advise against probation. *See* U.S. Sentencing Comm., *Guidelines Manual*, § #5B1.1, comment. (n.2) (Nov. 2012).

Shokler was sentenced to two years of probation concurrent on all six counts. As part of his probation, he was ordered to receive treatment for alcohol abuse. Restitution of $592,704.50 was ordered, to be paid in monthly installments of ten percent of defendant's net income.

Defendant began saving money to pay towards restitution upon learning of the tax investigation. He has made an initial payment of $100,000.

A $600 ($100 for each count of the offense) special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future, to pay a fine. The responsibility to pay substantial restitution will likely impact defendant's financial situation for most of his working life.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. See 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). Shokler aided in the filing of false corporate tax returns by materially underreporting the gross receipts for six health clinics. This is a serious offense. Defrauding the government presents a threat to tax administration and the American economy.

Defendant, now forty-one years old, was born in the Ukraine. He grew up without any support from—or relationship to—his biological father. Although his mother remarried, defendant carried the weight of financial responsibility for his family, including his young half-sister. Defendant's step-father, now deceased, could not work due to a disability.

3

When defendant was ten years old, he and his family moved to Moscow, where he received a vocational education as an automobile mechanic. He worked in a factory, and for two years served in the Union of Soviet Socialist Republics army. Due to religious discrimination, it was difficult for defendant to pursue higher education or obtain work.

Defendant and his family immigrated to the United States in 1993. To better educate himself, defendant attended classes at community college. He worked twelve hour shifts as a New York City taxi cab driver for several years. In 2006, defendant founded the medical billing business he continues to operate.

Defendant is married but separated. They have two children aged twelve and eight for whom he provides support. To help with expenses relating to the children, based on a private agreement, defendant gives his wife $500 per month.

Through the years, defendant supported his mother as she addressed a breast cancer diagnosis and the death of her second husband. He helped his mother by taking her to doctor's appointments, making phone calls, handling bills, and dealing with emergencies. Defendant volunteered to help residents affected by Superstorm Sandy, demonstrating his commitment and close ties to the community.

If incarcerated, Shokler's business will be destroyed. The people who will suffer are his wife, children and mother.

Defendant committed serious offenses. From the taxpayer's point of view, it is better for defendant to continue to pay restitution and to support his family than to have the taxpayer pay the substantial cost of approximately $30,000 per year for incarceration, and welfare benefits to those he now supports.

Under Section 3553(a)(2)(B), a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the sentence imposed. Defendant will probably spend the remainder of his life making payments for restitution.

Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. It is unlikely that he will engage in further criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: September 4, 2013
Brooklyn, New York